IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:25-cv-00057-MR

| | |
|---|---|
| **RODNEY E. JONES, SR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM** |
| vs. ) | **OF DECISION** |
| ) | **AND ORDER** |
| **LESLIE COOLEY DISMUKES,** ) | |
| Secretary, North Carolina ) | |
| Department of Adult Correction, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Petition filed by Rodney E. Jones, Sr., ("Petitioner"). The Petitioner files his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking review of his state court conviction from Burke County, North Carolina, of being a habitual felon in case 08-CRS-06171. [Doc. 1 and Doc.1-1].

**I.     BACKGROUND**

As of the filing date of his Petition, Petitioner is a prisoner of the State of North Carolina being held at the Alexander Correctional Institution in Taylorsville, North Carolina.  On February 21, 2011, in Burke County, North Carolina, Superior Court, Petitioner pled guilty to eluding arrest, larceny of a

vehicle, and having achieved habitual felon status, and was sentenced to 80-105 months imprisonment in cases 08-CRS-03881 and 08-CRS-06171; 06172 (herein the "Burke County Judgment"). [Case Number 1:12-cv-175-RJC, Doc. 13 at 1].

In a different matter, on March 13, 2012, Petitioner was convicted after a jury trial in Mecklenburg County, North Carolina, Superior Court of first-degree burglary and larceny after breaking and entering. He thereafter admitted to attaining habitual felon status. Judgement was consolidated for sentencing, and Petitioner was sentenced to 151-191 months imprisonment (herein the "Mecklenburg County Judgment"). [Case Number 3:14-CV-00420-FDW, Doc.1 at 1]. The Mecklenburg County Judgment was imposed consecutively to the Burke County Judgment. [Case Number 3:14-CV-00420-FDW, Doc.1 at 11].

According to the North Carolina Department of Adult Correction, Offender Public Information database, Petitioner has served the entirety of his sentence imposed under the Burke County Judgment, which sentence expired on March 26, 2017. https://www.dac.nc.gov/dac-services/criminal-offender-searches (choose "Offender Public Information Search/Offender Locator"; then input "0218248" into "Offender Number" box; then click "Search"). Petitioner is currently serving the remainder of his unexpired

sentence imposed under the Mecklenburg County Judgment, with a projected release date of December 13, 2031. Id.

## II. DISCUSSION

A federal district court may only entertain an application for writ of habeas corpus under 28 U.S.C. § 2254 if the applicant is in custody pursuant to the judgment of a state court. Id. The Petitioner in this matter is indeed an applicant in custody pursuant to the judgment of a state court. The Petitioner, however, is not in custody pursuant to the state court judgment about which he complains, that is the Burke County Judgment. The Burke County Judgment expired in 2017, and since that time, Petitioner has been in custody pursuant to the Mecklenburg County Judgment. In reviewing a § 2254 petition, this Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254. Because the Petitioner is presently in custody under the Mecklenburg County Judgment, Petitioner's instant action challenging the now-expired Burke County Judgment would provide him no relief and therefore must be dismissed.

### III. CONCLUSION

The Court will deny the Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and dismiss this action. Further, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court will decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED.**
2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 12, 2025

Martin Reidinger
Chief United States District Judge